IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAN 2 3 2013

Michael Robert Kuzminski, )
    Plaintiff, )
)
v. ) 1:13cv69 (TSE/TRJ)
)
Eugene Taylor, et al., )
    Defendants. )

MEMORANDUM OPINION

Michael Robert Kuzminski, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that staff at Hampton Roads Regional Jail ("HRRJ") violated his right to access the courts and his due process right by limiting the number of pieces of legal mail be may send per day. Plaintiff has moved to proceed in forma pauperis. After reviewing plaintiff's complaint, his claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted,[1] and his motion to proceed in forma pauperis must be denied, as moot.

---

[1] Section 1915A provides:
    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

# I. Background

Plaintiff has been incarcerated at HRRJ since June 27, 2012. Compl. unnumbered page 5A. He has several ongoing legal matters that require him to "produce[] a lot of necessary outgoing legal mail." Id. at unnumbered page 5B. He alleges that the volume of legal mail he sends has "upset the officers working in the mailroom." Id. Plaintiff further alleges that defendants "devised a plan to place a [sic] unjustified and unlawful restriction on the plaintiff's outgoing 'legal mail' which will limit and even could completely stop plaintiff's 'right to access the courts.'" Id. at unnumbered page 5C. On December 6, 2012, plaintiff received a restriction form which stated: "Inmate is allowed to submit (5) pieces of legal mail to the mail per week for postage." Ex. A. Plaintiff believes the restriction violates his right to access the courts and that his right to procedural due process was violated when defendants sanctioned plaintiff before holding a disciplinary hearing.

# II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

Plaintiff has failed to state a claim that defendants' action violated his right to access the courts or his right to procedural due process.

A. Denial of Access to the Courts

Inmates have a right to meaningful access to the courts, which requires that individuals acting under color of state law cannot hinder an inmate in his efforts to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 822 (1977)); Lewis v. Casey, 518 U.S. 343 (1996); see also Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993). To state a claim for denial of access to the courts, plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights

3

legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

There are several problems with plaintiff's claim. First, the restriction on plaintiff's mailing privileges is not permanent; according to the restriction form that plaintiff submitted as an exhibit to the complaint, the restriction expired in January 6, 2013. A limitation of five pieces of legal mail per week for a one month period is not unreasonably restrictive. See Hummer v. Dalton, 657 F.2d 621, 629 (4th Cir. 1981) (finding that a limitation of ten items per week on legal mail is not so restrictive that it will support a legally cognizable claim of denial of access to the courts and is not unreasonable). Furthermore, it is well settled that prisoners "do not have an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." White, 886 F.2d at 723 (quoting Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978)).

Finally, plaintiff's allegations fail to show that he has been injured by the alleged denial of his access to the courts. His statements that the restriction "will" or "could" limit his access are not sufficient. Therefore, his claim of denial of access to the courts must be dismissed for failure to state a claim.

B. Violation of Procedural Due Process

Plaintiff's due process claim must also be dismissed for failure to state a claim. Such a claim is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property."

4

Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Here, plaintiff has not alleged that he has been denied post-deprivation procedures to redress the decision to place a restriction on the amount of outgoing legal mail he may send per day; on the contrary, he states that he used the administrative grievance process. Therefore, he has not stated a constitutional claim. The availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a

claim under the Fourteenth Amendment. Therefore, his procedural due process claim must be dismissed for failure to state a claim.

## IV. Conclusion

Plaintiff's claims that his rights to access to the courts and procedural due process were violated must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted. Accordingly, his motion to proceed in forma pauperis must be denied, as moot.

Entered this 23rd day of January 2013.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

6